[J-104-2019] [MO: Baer, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,

Appellant

v.

GEORGE J. TORSILIERI,

Appellee

: No. 37 MAP 2018
:
: Appeal from the Order of Chester
: County Court of Common Pleas,
: Criminal Division, dated July 10,
: 2018 at No. CP-15-CR-1570-2016.
:
: ARGUED: November 20, 2019
:
:
:

**DISSENTING OPINION**

**JUSTICE MUNDY**                                        **DECIDED: June 16, 2020**

I respectfully disagree with the majority's decision to remand this matter to the trial court for further development of the record. In my view, Appellee simply failed to demonstrate that the legislative underpinnings of Subchapter H of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. § 9799.10-9799.42, are unsupported by current scientific research in a manner that would render the statute unconstitutional. In the absence of such a finding, deference to the legislature's policy determinations is appropriate. Accordingly, I dissent.

Subchapter H is based upon several legislative policy determinations, including the finding that "[s]exual offenders pose a high risk of committing additional sexual offenses and protection from the public from this type of offender is a paramount governmental interest." 42 Pa.C.S. § 9799.11(a)(4). Appellee presented the affidavits and supporting documents of three expert witnesses before the trial court challenging the

veracity of this finding and the overall effectiveness of sex offender registries. The trial court found Subchapter H unconstitutional on various grounds, relying heavily on what it perceived as the legislature's faulty policy determinations. The majority declines to address the merits of the trial court's conclusions, instead finding that Appellee presented a "colorable claim" that the factual underpinnings of Subchapter H "have been undermined by scientific study[.]" Majority Op. at 40. It therefore remands for further development of the record by both parties in order for the trial court to determine "whether Appellee has refuted the relevant legislative findings supporting the challenged registration and notification provisions of [ ] Subchapter H." *Id.* at 42. In my view, a remand is neither necessary nor appropriate.

Appellee presented discrete evidence from three experts demonstrating that sex offenders are not likely to reoffend and that sex offender registries may not be an effective tool for protecting society. He did not present evidence of a consensus regarding these conclusions sufficient to undermine the legislature's policy determinations. Indeed, our legislature relied on scientific studies supporting its findings when reaching the policy determinations that form the basis of our sex offender registration laws. The legislature had an opportunity to reexamine these findings when it passed Subchapter H two years ago on June 12, 2018. Having provided nothing more than a counter-narrative to the determinations reached by our legislature, we must defer to the legislature's findings. *Commonwealth v. Muniz*, 164 A.3d 1189, 1217 (Pa. 2017) (explaining policy determinations concerning "complex societal issues" such as the efficacy of sex offender registration laws in preventing recidivism are matters for the legislature, especially where there is a lack of consensus among authorities). We have acknowledged that deference to the legislature's policy determinations is preferable in these circumstances because of its superior ability to compile research and examine issues of social policy. *Basehore v.*

*Hampden Indus. Dev. Auth.*, 248 A.2d 212, 217 (Pa. 1968) ("[C]ourts are not in a position to assemble and evaluate the necessary empirical data which forms the basis for the legislature's findings."). Accordingly, I dissent and would reverse the order of the trial court.

Chief Justice Saylor joins this dissenting opinion.